By the Court, Nelson, Ch. J.
The statute declares that the justice’s return shall state, 1. The title of the cause &c.; 2. The demand of the plaintiff, setting forth a copy of the declaration, if in writing; 3. The plea of the defendant &c.; 4. Any other proceedings of the parties upon which an issue was framed, and the issue] joined &c. (2 R. S. 187, § 194, 2d ed.) The process by which the suit was commenced, and the preliminary proceedings, are not mentioned as- any part of the return of which the court are to take judicial cognizance; and of course, if extraneous matters happen to be embodied in the return, the court are bound to disregard them. They go for nothing. The court below therefore erred in acting upon the matters embraced in the copies of the warrant and affidavit; and the judgment must, for that reason, be reversed.
But the court erred independently of this view of the case. The plea to the jurisdiction, as it is called, was a nullity on the face of it, and was therefore properly disregarded by the justice. It contained no fact that went to the jurisdiction; nor did it set forth any issuable matters. Whether regarded as a plea to the jurisdiction of the court, or in abatement of the suit, the special matter going to establish the one or the other conclusion should have been set forth, so that an issue could have been taken. Where the inferior tribunal has no jurisdiction of the cause of action upon which the suit is founded, it is sufficient to allege, generally, that the cause of action accrued out of the jurisdiction ; but where the plea is founded upon the privilege of the person, the want of proper process or return, or any other circumstances not relating to the subject matter of the suit* the facts *121 must be specially stated. (See 1 Wentw. Pl. tit. Abatement; 3 Chitty's Pl. 895 et seq., Am. ed. of 1833; King v. Johnson, 6 East, 583.) In this case, the defendant’s plea should have set forth the alleged defect in the affidavit, so as to have enabled the plaintiff to take issue. It was not enough to allege generally, that the warrant was improperly issued. That was a question of law, depending upon the sufficiency of the affidavit.
The case then comes to this: No sufficient, nor indeed any objection was taken before the magistrate to the defect in issuing the process, and the defendant proceeded to an issue and trial upon the merits. This was regarded in Malone v. Clark (2 Hill, 657) as a sufficient waiver of the objection to confer jurisdiction over the person—the only ground of exception to the proceedings in this case.
Judgment reversed.